UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Jiangsu Nova Intelligent Logistics Equipment Co., Ltd., Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd.<br><br>Plaintiffs,<br><br>v.<br><br>United States. | Court No. 25-00175<br><br>Complaint |

## COMPLAINT

Plaintiffs Jiangsu Nova Intelligent Logistics Equipment Co., Ltd., Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd. by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the U.S. Department of Commerce (Commerce) 2022–2023 administrative determination in *Certain Steel Racks and Parts Thereof from China, 90 Fed. Reg. 30,629* (July 10, 2025) ("Final Determination") and its accompanying Issues and Decision Memorandum.

2. The United States Court of International Trade has exclusive jurisdiction

over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiffs Jiangsu Nova Intelligent Logistics Equipment Co., Ltd., Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd are Corporations organized under the laws of the People's Republic of China. Plaintiffs produced and/or exported certain steel racks in the People's Republic of China and exported the same to the United States. All plaintiffs were active participants in the Department of Commerce antidumping administrative review and plaintiff Jiangsu Nova Intelligent Logistics Equipment Co., Ltd was designated as a mandatory respondent.

4. Pursuant to 19 U.S.C. §1516a(2), all plaintiffs are interested parties as defined in 19 U.S.C. §1677(9)(A) as all plaintiffs were parties to the proceeding in connection with which this matter arises.

5. Plaintiffs have standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on August 4, 2025, which was within thirty days after the date of the publication of the order in the *Federal Register* on July 10, 2025. Plaintiffs are filing this

complaint on August 19, 2025, which is within thirty days from the date of the filing of the Summons. In accordance with Rule 6(a) this satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On the Department initiated this matter in response to a request for review filed by the U.S. domestic industry on October 2, 2023 and a request for review filed by Nova on September 15, 2023. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg. 78298 (November 15, 2023).

8. Between December 14, 2023 and October 2, 2024, plaintiffs submitted responses to the Department's questionnaires.

9. On October 10, 2024 the Department published the preliminary results as *Certain Steel Racks and Parts Thereof from the People's Republic of China: Preliminary Results and Partial Rescission of the Antidumping Duty Administrative Review; 2022–2023* 89 Fed. Reg. 82213 (October 10, 2024). Plaintiffs were assigned a rate of 10.14%.

10. On November 11, 2024, plaintiffs filed administrative case briefs with the Department of Commerce challenging the preliminary results. On November 22, 2024, the domestic industry submitted their case brief.

11. On November 27, 2024 plaintiffs and the domestic industry filed

3

administrative rebuttal briefs with the Department of Commerce

12. On July 7, 2025 the Department issued the final results. On July 10, 2025, these results were published in the Federal Register as *Certain Steel Racks and Parts Thereof From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022–2023,* 90 Fed. Reg. 30629 (July 10, 2025). In the final results the Department assigned a rate of 11.18% to plaintiffs.

## STANDARD OF REVIEW

13. The standard of review of a final determination made by the Department of Commerce in an antidumping duty case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip

4

Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

14. Pursuant to *Loper Bright Enterprises, et al., Petitioners, v. Gina Raimondo, Secretary of Commerce, et al.* 144 S. Ct. 2244 (2024), which struck down the a portion of the concept of *Chevron* deference doctrine, the ultimate deference owed to an agency interpretation is not clear.

15. This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

16. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

17. The Department's application of a differential pricing analysis is not supported by the law.

18. The Department's usage of Cohen's D as a basis for deciding whether to apply differential pricing analysis is unlawful and contrary to Court precedent.

19. In the absence of a permissible method to calculate whether there is a need to apply a differential pricing analysis, the Department cannot conduct such analysis.

## COUNT TWO

19. The allegations of paragraphs 1 through 15 are incorporated by reference and restated as if fully set forth herein

20. The Department's application of a differential pricing analysis is not supported by the law.

21. The Department cannot apply a differential pricing analysis in an administrative review.

22. The Statute only permits the application of a differential pricing analysis in investigations, and not in reviews.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one and two of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                Respectfully submitted,

                /s/ David J. Craven

David J. Craven
Counsel to Jiangsu Nova Intelligent
Logistics Equipment Co., Ltd

Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
(773) 245-4010
dcraven@craventrade.com

Date August 19, 2025