IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| JIANGSU NOVA INTELLIGENT LOGISTICS EQUIPMENT CO., LTD., NANJING JUNSHIDAI STORAGE EQUIPMENT CO., LTD., AND HEBEI NOVA INTELLIGENT LOGISTICS EQUIPMENT CO., LTD.<br><br>       Plaintiff,<br><br>  v.<br><br>THE UNITED STATES,<br><br>       Defendant,<br><br>  and<br><br>COALITION FOR FAIR RACK IMPORTS,<br><br>       Defendant-Intervenor. | No. 25-175<br><br>PUBLIC<br>Business Propriety Information<br>Redacted From Pages 2, 3, 4, 5, 6 |

## RESPONSE TO PLAINTIFF'S MOTION TO RESET LIQUIDATION STATUS

  Pursuant to Rule 7(d) of the Rules of this Court, defendant, the United States, responds to the Motion to Reset Liquidation Status filed by, plaintiff, Jiangsu Nova Intelligent Logistics Equipment Co., Ltd., Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd. (Jiangsu Nova), filed January 22, 2026.  *See* Pl. Mot., ECF No. 30.  Although the United States does not agree with much of Jiangsu Nova's characterization of the sequence of events that led to the liquidation of the entries in question, we nevertheless consent to Jiangsu Nova's request that Customs and Border Protection (CBP) return to unliquidated status those entries that Jiangsu Nova claims were improperly liquidated.  We therefore respectfully and briefly clarify those statements of the sequence of events, below, and propose a resolution to reset to unliquidated status those entries for which Jiangsu Nova requests

1

it. Specifically, we ask that the Court take the following two steps in response to Jiangsu Nova's motion: (1) amend its Order for Statutory Injunction Upon Consent, ECF No. 13, issued August 29, 2025, to include the name ███████████████████████████ under which the entries at issue were made, and (2) order CBP to return to unliquidated status any entries made under the name ███████████████████████████ that were entered, or withdrawn from warehouse, for consumption, during the period September 1, 2022, through August 31, 2023.

### I. CBP Suspended Liquidation of Only Entries Covered by the Statutory Injunction Sought by Jiangsu Nova and Issued by this Court; CBP Liquidated Entries Imported by Exports *Not Named* in the Statutory Injunction

On August 4, 2025, Jiangsu Nova initiated a challenge to the final results of the administrative review of the antidumping duty order on certain steel racks and parts thereof from China, published as *Certain Steel Racks and Parts Thereof From the People's Republic of China: Final Results of Antidumping Duty Administrative Review 2022-2023*, 90 Fed. Reg. 30,629 (Dep't Commerce July 10, 2025). Summons, ECF No. 1; Complaint, ECF No. 7. Later that month and with the United States's consent, Jiangsu Nova filed a Form 24 request for statutory injunction upon consent asking that the Court enjoin the liquidation of entries of "Steel Racks from the People's Republic of China" that were exported by three companies: "Jiangsu Nova Intelligent Logistics Equipment Co., Ltd., Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd." entered, or withdrawn from warehouse, for consumption, during the period September 1, 2022, through August 31, 2023. Jiangsu Nova Form 24, ECF No. 12.[1] This Court issued a statutory injunction that exactly

---

[1] Jiangsu Nova first filed a Form 24 mistakenly listing incorrect counsel for the United States and shortly thereafter, filed a corrected Form 24 listing undersigned counsel. *Compare* ECF No. 11, *with* Jiangsu Nova Form 24.

mirrored Jiangsu Nova's request. *See* Statutory Injunction Order, ECF No. 13. That is, the Court ordered that the United States enjoin liquidation of entries exported by Jiangsu Nova Intelligent Logistics Equipment Co., Ltd., Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd. *Id.* Jiangsu Nova's Form 24 did not list or identify ███████████████████████████, and therefore neither did the Court's Order include it. *See id.* On September 4, 2025, Commerce did exactly as it was required by transmitting instructions conveying the mandate of the statutory injunction to CBP. *See* Exhibit I, Liquidation Instructions to CBP.[2]

### II. The United States Agrees with Jiangsu Nova's Request to Return the Entries At Issue to Unliquidated Status, and Asks that the Court Amend Its Statutory Injunction and Order CBP to Return to Unliquidated Status Those Entries

On December 4, 2025, counsel for Jiangsu Nova, David Craven, informed undersigned counsel that he believed certain entries that he understood to be subject to the statutory injunction had been incorrectly liquidated the week prior. *See* Exhibit III at 2. Undersigned counsel immediately asked that Commerce determine whether CBP had incorrectly liquidated those entries or otherwise explain CBP's actions in light of the statutory injunction; she informed Mr. Craven that this was underway. *Id.* Upon its own investigation in response to Mr. Craven's

---

[2] Commerce's liquidation instructions to CBP read: "This {statutory injunction} enjoins liquidation of entries of certain steel racks and parts thereof from the People's Republic of China that were: 1) exported by Jiangsu Nova Intelligent Logistics Equipment Co., Ltd., Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd.; (2) the subject of the United States Department of Commerce's determination in Certain Steel Racks and Parts Thereof from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022-2023, 90 FR 30,269 (July 10, 2025); and 3) entered, or withdrawn from warehouse, for consumption during the period 09/01/2022 through 08/31/2023."

correspondence, the United States agrees that any entries made by ▮▮▮▮▮ ▮▮▮▮▮ should likewise be suspended during the pendency of the litigation.

Specifically, it appears that certain entries may have entered and recorded in the CBP system under this similar name. CR 2.³ That is, it appears that each ▮▮▮▮▮ . *See* Pl. Mot., Attachment 1. But because the Form 24, and therefore the statutory injunction, did not list ▮▮▮▮▮ as the entity name whose entries were enjoined from liquidation, CBP was not obligated to suspend liquidation of these entries.

The facts do not support Jiangsu Nova's claim in its motion that CBP's actions contravene or in any way violate the statutory injunction issued by this Court. *See e.g.*, Pl. Mot. at 3 ("the express language of the injunction has been ignored as the exporters named in the import documentation are clearly stated in the injunction."), 4 ("There was no cause for liquidation in this case."). The entries at issue plainly appear to have been liquidated under a similar, but distinct name that is not covered by the injunction.⁴ Further, Jiangsu Nova is

---

³ Notably, ▮▮▮▮▮. CR 11 & 12. The ▮▮▮▮▮ appear to be ▮▮▮▮▮. *See id.*

⁴ We note for the record that undersigned counsel explained as much to Mr. Craven well before the filing of Jiangsu Nova's motion and a mere week after Mr. Craven reached out to express his concern. She further explained that "for {his} client to receive the intended effect of the injunction, {he would} need to request from the Court that it retroactively unset these entries and use the name that the entries were actually entered under." *See* Exhibit II at 2. Mr. Craven did not respond to that email. Instead, a month later, Mr. Craven emailed undersigned counsel a proposed draft of and the attachments to his eventual motion, expressing his disagreement with our earlier explanation. Exhibit III. Undersigned counsel responded that same day, explaining that she would discuss his characterization of the circumstances with Commerce and follow up once she had that information. Without waiting for that follow up or requesting more

incorrect that CBP "liquidate{d} an entry subject to an injunction where the name of the exporter appears in both the injunction where the name of the exporter appears in both the injunction and the entry paperwork." Pl. Mot. at 2. The exporter's name in CBP records was *not* the same name as the names referenced in the statutory injunction. When cross-referencing ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with the ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, the foreign exporter and manufacturer name listed for ▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Pl. Mot. at Attachment 1; *see also* CR 2. This name does not appear anywhere in the statutory injunction.

Indeed, Jiangsu Nova's own purported evidence at Attachments 2 and 3 of entries that have alleged been improperly liquidated do not include the producer's or exporter's name on the CBP entry forms. Pl. Mot. at Attachments 2, 3. CBP data makes clear, however, ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓. See CR 2. Although Jiangsu Nova might have intended to enjoin liquidation of entries listed as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in addition to entries of other companies it listed in the statutory injunction, the drafted injunction did not effectuate this intention.

Nevertheless, the United States is committed to ensuring that the Court enjoin from liquidation entries that are subject to litigation whenever the Court has jurisdiction. That said, Commerce itself cannot liquidate entries, nor can it compel CBP to change the status of entries that CBP has liquidated. Therefore, we understand it to be necessary that this Court order CBP to reset the liquidation status of the entries at issue to restore them to previous status.

---

information again, Mr. Craven filed the motion to which we now respond ten days thereafter. *See generally* Pl. Mot.

To that end, we respectfully request that the Court amend the statutory injunction to add the exporter of those entries included in ███████████████████████████: ████████████████████████. And, we further request that to the extent that any entries made under this company's name were liquidated, the Court order CBP to return such entries to unliquidated status. Specifically, we ask that the Court order any entries which came under the name ████████████████████████████ that were entered, or withdrawn from warehouse, for consumption, during the period September 1, 2022 through August 31, 2023 and liquidated after the statutory injunction was signed be promptly returned to unliquidated status and suspended in accordance with an amended statutory injunction.

<br>

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

OF COUNSEL:
CHARLIE CHUNG
Attorney
Office of the Chief Counsel
  for Trade Enforcement and Compliance
U.S. Department of Commerce

CLAUDIA BURKE.
Deputy Director

s/ Isabelle Aubrun
ISABELLE AUBRUN
Trial Attorney
United States Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 616-0465
isabelle.aubrun2@usdoj.gov

February 12, 2026

*Attorneys for the United States*