**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |  |
|---|---|---|
| JIANGSU NOVA INTELLIGENT LOGISTICS EQUIPMENT CO., LTD., NANJING JINSHIDAI STORAGE EQUIPMENT CO., LTD., AND HEBEI NOVA INTELLIGENT LOGISTICS EQUIPMENT CO., LTD, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Court No. 25-00175 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| COALITION FOR FAIR RACK IMPORTS | ) ) | |
| Defendant-Intervenor. | ) ) | |

**<u>ORDER</u>**

Upon consideration of defendant's motion for voluntary remand and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the Department of Commerce shall submit a remand redetermination within 90 days of this order.

Dated: _____, 2026    _____
      New York, NY              TIMOTHY C. STANCEU, SENIOR JUDGE

1

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| JIANGSU NOVA INTELLIGENT LOGISTICS EQUIPMENT CO., LTD., NANJING JINSHIDAI STORAGE EQUIPMENT CO., LTD., AND HEBEI NOVA INTELLIGENT LOGISTICS EQUIPMENT CO., LTD, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Court No. 25-00175 |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| COALITION FOR FAIR RACK IMPORTS | )<br>) |
| Defendant-Intervenor. | )<br>) |

**DEFENDANT'S MOTION FOR VOLUNTARY REMAND**

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand this action to allow the Department of Commerce to permit plaintiffs an opportunity to comment on Commerce's application of its differential pricing analysis.

We have consulted with all parties regarding this motion.  On June 23, 2026, counsel for plaintiffs, David Craven, indicated that plaintiffs consent to the voluntary remand.  On that same

2

day, counsel for defendant-intervenor, Saad Chalchal, indicated that defendant-intervenor takes no position on the motion for voluntary remand.[1]

STATEMENT OF FACTS

This case involves the administrative review of the antidumping duty order covering certain steel racks and parts thereof from the People's Republic of China for the period of review from September 1, 2022, through August 21, 2023.

On October 10, 2024, Commerce published the preliminary results of its administrative review. *Certain Steel Racks and Parts Thereof From the People's Republic of China: Preliminary Results and Partial Rescission of the Antidumping Duty Administrative Review; 2022–2023*, 89 Fed. Reg. 82,213 (Dep't of Commerce, October 10, 2024) (*Preliminary Results*) (P.R. 138), and accompanying Preliminary Decision Memorandum (P.R. 137) (PDM). Commerce determined that Jiangsu Nova Intelligent Logistics Equipment Co., Ltd, Nanjing Jinshidai Storage Equipment Co., Ltd., and Hebei Nova Intelligent Logistics Equipment Co., Ltd. (collectively, Jiangsu Nova or plaintiffs) are affiliated companies and treated them as a single entity. *See* PDM at 8. Jiangsu Nova was the sole mandatory respondent in this administrative review, and Commerce preliminarily assigned Jiangsu Nova a dumping margin of 10.14 percent. *See Preliminary Results*, 89 Fed. Reg. at 82,215. Consistent with its practice at the time, Commerce applied the Cohen's *d* test for the first stage of its differential pricing analysis. *See* PDM at 16-18.

---

[1] If the Court denies this motion for voluntary remand, we respectfully request that the Court extend the deadline to respond to the motions for judgment on the administrative record until 60 days after the Court's order on this motion. Counsel for plaintiffs indicated that plaintiffs consent to this request; counsel for defendant-intervenor indicated that defendant-intervenor takes no position on the request for alternate relief.

3

Between November 12, 2024, and November 27, 2024, interested parties submitted case and rebuttal briefs in response to Commerce's preliminary results. Commerce had 120 days to respond to those case and rebuttal briefs—a deadline of February 7, 2025. Commerce extended its time period to file the final results by a total of 176 days[2] after the publication of the preliminary results and tolled certain deadlines in the administrative review by 90 days as a result of its all-time high number of petitions for administrative review at the time. *See* Commerce Memorandum on Tolling Deadlines (P.R. 162); *see also* Commerce Memorandum on Extension of Final Results (P.R. 172). Ultimately, the deadline for Commerce to publish its final results was reset to July 3, 2025. *Id.*

Shortly before that final deadline, however, on April 22, 2025, the Court of Appeals for the Federal Circuit issued its decision in *Marmen Inc. v. United States*. *See* 134 F.4th 1334 (Fed. Cir. 2025) (*Marmen*); *see also Marmen Inc. v. United States*, 2023-1877 (Fed. Cir. June 13, 2025) (*Marmen* Mandate). In *Marmen*, the Federal Circuit held that that Commerce may no longer use the Cohen's *d* test as part of its differential pricing analysis when that test is applied to data that do not satisfy the statistical criteria of normal distribution, equal variability, and equally and sufficiently numerous observation. *Marmen*, 134 F.4th at 1345-46. The Federal Circuit issued the mandate on June 13, 2025. *See Marmen* Mandate.

Because Commerce relied on the Cohen's *d* test methodology to reach its preliminary results, which the Federal Circuit subsequently invalidated in *Marmen*, Commerce abandoned the Cohen's *d* test and replaced it with the "price difference test" in the final results. With only twenty days left between the issuance of the mandate in *Marmen* and the nearly fully extended statutory deadline for the final results, Commerce did not have sufficient time to issue a post-

---

[2] The deadline may be extended by a maximum of 180 days. 19 U.S.C. § 1675(a)(3)(A).

preliminary determination, permit interested parties time to submit comments on the use of the

price difference test, and address their comments on the new differential pricing analysis in the

final results. *See id.*[3]  Therefore, Commerce used its new price difference test in its final results,

without providing an additional opportunity for parties to comment.  *See* Final Issues and

Decisions Memorandum (IDM) (P.R. 177) at 6; *see also Certain Steel Racks and Parts Thereof

Form the People's Republic of China: Final Results of Antidumping Duty Administrative

Review; 2022-2023*, 90 Fed. Reg. 30,629 (Dep't of Commerce, July 10, 2025) (P.R. 176) (*Final

Results*).

Jiangsu Nova filed suit.  In its opening brief, Jiangsu Nova challenges: (1) Commerce's

decision to conduct a differential pricing analysis altogether, and (2) the use of the price

difference test methodology in the final results itself.  *See* Plaintiffs' Brief, ECF No. 32, at 8-23.

Alternatively, Jiangsu Nova seeks a remand for Commerce to permit it the opportunity to

comment on the new differential pricing methodology and permit Commerce the chance to

respond to those Comments in a new final decision.  *See* Pl. Br. at 12.

ARGUMENT

I.    Legal Standard

Commerce may, without confessing error, ask the Court to remand a matter so that

Commerce may reconsider its prior position.  *SKF USA Inc. v. United States*, 254 F.3d 1022,

1029 (Fed. Cir. 2001).  The Federal Circuit has outlined multiple scenarios in which an agency

may seek a remand, including when it: (a) wishes to reconsider its decision in light of

---

[3]  "Commerce sought information and public comment regarding alternatives to the use of the Cohen's *d* test to define when prices differ significantly among purchasers, regions, and time periods, pursuant to section 777A(d)(1)(B)(i) of the {Tariff} Act {of 1930}."  IDM at 5; *see also* Alternatives to the Use of Cohen's *d*; Request for Comment, 95 Fed. Reg. 21,277 (Dep't of Commerce May 19, 2025).

intervening events outside of the agency's control; (b) believes that its original decision was incorrect on the merits and wishes to change the result, or (c) even without an intervening event, the agency wishes to reconsider its previous position, without confessing error. *Id.* at 1028-1029. A voluntary remand is generally appropriate if the agency's concern is substantial and legitimate. *Id.* at 1029; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378-1379 (Ct. Int'l Trade 2010).

II.    A Voluntary Remand Is Warranted To Allow Plaintiffs To Comment on Commerce's New Differential Pricing In Light of *Marmen*

We respectfully request a voluntary remand for Commerce to provide all parties with an opportunity to comment on Commerce's new differential pricing methodology.

Commerce's basis for requesting remand "is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce did not have sufficient time to provide opportunity to comment and consider parties' arguments in light of the intervening decision and mandate in *Marmen*, the latter of which issued only twenty days before final results in this administrative review were due. IDM at 1-7; *see also Final Results*, at 30,629.

In *Marmen*, the Federal Circuit held that Commerce may not use the Cohen's *d* test as part of its differential pricing analysis when that test is applied to data that do not satisfy the statistical criteria of normal distribution, equal variability, and equally and sufficiently numerous observations. 134 F.4th at 1348. In doing so, the Federal Circuit held that "Commerce may re-perform a differential pricing analysis, and that analysis may not rely on Cohen's *d* test for data sets like those here {i.e., data that did not satisfy normal distribution, equally variable, and equally and sufficiently numerous observations}," and it also held that "Commerce {may} {} fashion{} and justify{}" another analysis " "as long as the resulting analysis is itself justified as

sound for gauging differences in the data sets at issue." *Id.* Commerce did just that, developing a different test for determining whether prices differ significantly in its differential pricing analysis and discarding the Cohen's *d* test. *See* IDM at 5; *see also* Alternatives to the Use of Cohen's *d*; Request for Comment, 95 F.R. 21,277 (May 19, 2025).

Because insufficient time to permit Commerce to seek the parties' input remained between the June 13, 2025, mandate in *Marmen* and Commerce's deadline to issue the final results in this review on July 3, 2025, Commerce published its final results without soliciting comments on the price difference test.

Here, Commerce's request for a voluntary remand is supported by a substantial justification. Although Commerce's general preference is to allow interested parties to comment on all aspects of Commerce's determination, here Commerce was required to change its differential pricing methodology after case briefs and rebuttal briefs were received, *see* IDM at 2, but without enough time to solicit and respond to comments prior to the deadline to file its final results. As a result, Jiangsu Nova was unable to first present its arguments regarding Commerce's application of the price difference test to Commerce directly, instead making those arguments for the first time to this Court. *See* Pl. Br. at 11-23. Because Commerce "did not address th{is} issue until its final decision," Jiangsu Nova did "not have {} a full and fair opportunity to raise the issue at the administrative level"—that was impossible under the circumstances. *Qingdao Taifa Group Co. v. United States*, 637 F. Supp. 2d 1231, 1236 (Ct. Int'l Trade 2009). Therefore, a remand will permit Jiangsu Nova to exhaust this issue before Commerce enabling the agency to address Jiangsu Nova's arguments in the first instance, which serves the twofold goal of "'protecting administrative agency authority and promoting judicial

efficiency.'" *Corus Staal BV v. United States*, 502 F.3d 1370, 1381 (Fed. Cir. 2007) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).[4]

Nor does the need for finality outweigh the justification for remand. *See Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Given the issues raised by Jiangsu Nova in its opening brief, remand for further explanation of Commerce's new differential pricing analysis methodology is a likely outcome of this case. *See* IDM at 1-6. A voluntary remand will promote judicial economy and conserve party resources by permitting Commerce to consider the issue, and respond to the parties' comments, in the first instance. Because Commerce's differential pricing analysis is the sole issue raised in this case, a remand now will not delay adjudication of any other claim. This remand would amount to a targeted, reasonable scope of remand tailored to Commerce's concern that Jiangsu Nova has not had a chance to be heard on this question before Commerce in the first instance. *See Baroque Timber Industries*, 925 F. Supp. 2d at 1339 (requiring that the scope of the requested remand be appropriate).

Should the Court grant the requested remand, we respectfully propose that the Court provide 90 days for Commerce to submit its remand results to the Court and allow comments on the remand results in accordance with Rule 56.2(h) of the Rules of the Court. Granting our requested relief will best permit Commerce to provide "a full and fair opportunity to raise the issue at the administrative level." *Qingdao Taifa Grp*, 637 F. Supp. 2d at 1236.

---

[4] The general requirement to exhaust administrative remedies is excused here because "an important court decision was issued after" Jiangsu Nova filed its administrative case brief. *Corus Staal BV*, 502 F.3d at 1381.

CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to Commerce for further administrative proceedings, with the remand results due 90 days after the Court's order, and further proceedings governed by Rule 56.2(h) of this Court's rules.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>BRETT A. SHUMATE<br>Assistant Attorney General</td></tr>
<tr><td></td><td>PATRICIA M. McCARTHY<br>Director</td></tr>
<tr><td>OF COUNSEL:<br>CHARLIE CHUNG<br>Attorney<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>U.S. Department of Commerce</td><td>TARA K. HOGAN<br>Assistant Director<br><br>s/  Isabelle Aubrun<br>ISABELLE AUBRUN<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Commercial Litigation Branch<br>P.O. Box 480 | Ben Franklin Station<br>Washington, DC 20044<br>(202) 616-0465<br>isabelle.aubrun2@usdoj.gov</td></tr>
<tr><td>June 29, 2026</td><td>*Attorneys for the United States*</td></tr>
</table>

9

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains no more than 1986 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Isabelle Aubrun
Isabelle Aubrun